**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **Criminal No. 21-367-1** |
| **BILL OMAR CARRASQUILLO**<br>**a/k/a "Omar"**<br>**a/k/a "Omi"**<br>**a/k/a "Target"**<br>**a/k/a "Targetin1080p** | : | |

**PRELIMINARY ORDER OF FORFEITURE FOR SUBSTITUTE ASSETS**

AND NOW, this 21st day of March, 2023, upon consideration of the government's motion pursuant to Federal Rule of Criminal Procedure 32.2(e) and 21 U.S.C. § 853(p) requesting the Court enter a Preliminary Order of Forfeiture for Substitute Assets, namely the property listed in Paragraph 10 of this Order, in partial satisfaction of the outstanding forfeiture money judgment owed by the defendant, Bill Omar Carrasquillo, for the reasons set forth in the motion, the Court finds the following:

1. On September 16, 2021, the grand jury for this district returned an Indictment charging the defendant, Bill Omar Carrasquillo, with conspiracy, in violation of 18 U.S.C. § 371 (]Count 1); circumvention of an access control device, in violation of 17 U.S.C. §§ 1201(a)(1)(A), 1204(a)(1) (Count 2); reproduction of a protected work, in violation of 17 U.S.C. § 506(a)(1)(A) and 18 U.S.C. § 2319(b)(1) (Count 3); public performance of a protected work, in violation of 17 U.S.C. § 506(a)(1)(A) and 18 U.S.C. § 2319(b)(3) (Counts 4 through 22); access device fraud, in violation of 18 U.S.C. § 1029(a)(2), (c)(1)(a)(i) (Count 23 through 26); wire fraud, in violation of 18 U.S.C. § 1343 (Counts 27 through 32); false statements to a bank, in

violation of 18 U.S.C. § 1014 (Counts 33 through 35); engaging in monetary transactions derived from specified unlawful activity, in violation of 18 U.S.C. § 1957 (Counts 36 through 54); making a false statement to a law enforcement officer, in violation of 18 U.S.C. § 1001 (Counts 55 and 56); removal of property to prevent seizure, in violation of 18 U.S.C. § 2232(a) (Counts 57 and 58); and tax evasion, in violation of 26 U.S.C. § 7201 (Counts 59 through 62).

2. The Indictment also contained Notices of Forfeiture, which alleged that Carrasquillo's interest in certain property was subject to forfeiture to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), 982(a)(2)(B), 1029(c)(1)(C), 2323(b)(1), and 28 U.S.C. § 2461(c), all arising from the defendant's participation in a conspiracy to steal copyrighted cable television shows and movies from legitimate video content providers and then record and sell access to this programming via the defendants' internet-based video delivery service. The Notices of Forfeiture also provided notice that, in the event such property cannot be located, the government would seek to recover substitute assets pursuant to 21 U.S.C. § 853(p).

3. On January 28, 2022, the defendant, Bill Omar Carrasquillo entered into a Guilty Plea Agreement, and agreed to pled guilty to Counts 1, 2, 3, 4, 13, 18, 25, 29, 34, 47, 55, and 62 of the Indictment. On February 1, 2022, this Court accepted the defendant's guilty plea.

4. On March 9, 2023, this Court entered an Order of Forfeiture that forfeited to the United States all property that constitutes or is derived from proceeds traceable to the defendant's participation in a conspiracy to steal copyrighted cable television shows and movies from legitimate video content providers and then record and sell access to this programming via the defendants' internet-based video delivery service, as charged in Counts 1, 2, 3, 4, 13, 18, 25, 29, 34, 47, 55, and 62 of the Indictment.

5. The Order of Forfeiture also imposed against the defendant a personal forfeiture money judgment in the amount of $30,254,544.04. Based on the record, the money judgment represents the amount of proceeds that the defendant obtained and traceable to his violations of 17 U.S.C. §§ 506(a)(1)(A), 1201(a)(1)(A), and 1204(a)(1), and 18 U.S.C. §§ 371, 1001, 1014, 1029(a)(2), (c)(1)(a)(i), 1343, 1957, 2232(a), and 2319(b)(1).

6. The Order of Forfeiture further held that the Court found, based on defendant Carrasquillo's guilty verdict and the facts set forth in the change of plea memorandum and in the record as a while, that defendant Carrasquillo dissipated or otherwise spent some of the proceeds that he obtained, the government cannot locate the proceeds upon the exercise of due diligence, and one or more conditions of 21 U.S.C. § 853(p) have been met. Accordingly, pursuant to 21 U.S.C. § 853(p) and Federal Rule of Criminal Procedure 32.2(e)(1)(B), the government is authorized to seek forfeiture of substitute assets of the defendant up to the amount of $30,254,544.04 less the net proceeds from the sale of any asset identified in the Order of Forfeiture being finally forfeited to the United States. *See* Order of Forfeiture at ¶ 8 (ECF No. 179).

7. Title 21 U.S.C. § 853(p) permits the forfeiture of substitute property where, as a result of any act or omission of the defendant, the proceeds obtained cannot be located upon the exercise of due diligence. *See* 21 U.S.C. § 853(p)(1)(A).

8. On June 5, 2017, the Supreme Court issued its decision in *Honeycutt v. United States*, 137 S. Ct. 1626 (2017). The Supreme Court in *Honeycutt* recognized the government's ability to forfeit substitute assets, pursuant to Section 853(p), when the defendant once possessed tainted property and the tainted property has then been dissipated or otherwise disposed of by "any act or omission of the defendant." *Id.* at 1634.

9. To date, the defendant has made no payments toward the $30,254,544.04 forfeiture money judgment and a substantial portion of the debt remains outstanding.

10. The Court finds that there is probable cause to believe that defendant Carrasquillo has an interest in the following assets, which were seized from real properties that he owns or owned. Accordingly, the government seeks forfeiture of the following property as substitute assets in partial satisfaction of the proceeds that Carrasquillo obtained as a result of the violations to which he pled guilty, and dissipated:

(a) Property Seized from 1407 Lorimer Avenue, Huntingdon Valley, PA
- i. 9” White and Yellow Gold (10K and 18K) Bracelet with Diamonds,
- ii. Rolex Sky-Dweller 42 Model M326938-0002 / Serial 6U572235, with aftermarket Diamonds,
- iii. 18K 4ct Diamond Earring (single),
- iv. 9" Two-Tone 10K Bracelet with Diamonds,
- v. 10K Cuban-Link Necklace with "OMI IN A HELLCAT" on clasp,
- vi. 10K Cuban-Link Necklace with Diamonds,
- vii. 18K 4ct Diamond Earring (single),

(b) Property Seized from 120 Fox Chase Court, Swedesboro, NJ
- i. 2 (two) 9 1/2" Tennis Bracelet (cubic zirconia),
- ii. 2 (two) 9" 10K Diamond Bracelet,
- iii. 14K Princess-cut Diamond Earrings (set),
- iv. Rolex Yacht-Master II 44 Model M116688-0001 / Serial M035154,
- v. Rolex Day-Date 40 Model M228238-0008 / Serial 31V98328,
- vi. Rolex GMT-Master II 40 Model M126710BLNR-0002 / Serial 88W50343,
- vii. 10K Eagles Championship Ring,
- viii. 18K Wedding Band with Diamonds,
- ix. 18K Diamond Star Ring,
- x. 18K Diamond Dome Ring,
- xi. 18K Diamond Cluster Ring,
- xii. Rolex Day-Date 40 Everose Gold Model M228235-0032 / Serial W76162T1,
- xiii. Rolex Sky-Dweller 42 Model M326934-0005 / Serial 602R6154, with aftermarket Diamonds

xiv. Audemars Piguet Chronograph with aftermarket Diamonds (Case Back #K35717),
xv. Rolex DateJust 41 Model M126333-0002 / Serial L8988670, with aftermarket Diamonds,
xvi. Photo Pendant with Diamond Bezel and Bail,
xvii. 24" 10K Yellow Gold Link Necklace with Diamonds,
xviii. 27" 10K Yellow Gold Link Necklace with Diamonds,
xix. 24" 10K Yellow Gold Link Necklace with Diamonds,
xx. 24" 10K Two-Tone Gold Link Necklace with Diamonds,
xxi. 24" 10K Two-Tone Gold Link Necklace with Diamonds,
xxii. "QT" 10K Diamond Pendant,
xxiii. "OMI IN A HELLCAT" Diamond Pendant,
xxiv. "ONC" Diamond Pendant,
xxv. "Reloaded" Pendant,
xxvi. 7" 10K Yellow Gold Link Bracelet with Diamonds,
xxvii. 24" 10K Wheat Necklace, and
xxviii. "Reloaded" Charm.

11. Based on the March 9, 2023 Order of Forfeiture and pursuant to Federal Rule of Criminal Procedure 32.2(e) and 21 U.S.C. § 853(p), the government is entitled to an order forfeiting substitute assets of the defendant in partial satisfaction of the outstanding forfeiture money judgment.

12. For the reasons set forth in the motion, the Court concludes that cause exists to grant the motion and enter a Preliminary Order of Forfeiture for Substitute Assets.

NOW, THEREFORE, it is hereby ORDERED that the Motion of United States of America for Preliminary Order of Forfeiture for Substitute Assets is GRANTED; and it is further

ORDERED that the Order of Forfeiture dated March 9, 2023, is hereby AMENDED pursuant to 21 U.S.C. § 853(p) and Federal Rule of Criminal Procedure 32.2(e)(1)(B), and the following property is hereby forfeited to the United States:

**(a) Property Seized from 1407 Lorimer Avenue, Huntingdon Valley, PA**

**i. 9” White and Yellow Gold (10K and 18K) Bracelet with Diamonds,**
**ii. Rolex Sky-Dweller 42 Model M326938-0002 / Serial 6U572235, with aftermarket Diamonds,**

iii. **18K 4ct Diamond Earring (single),**
iv. **9" Two-Tone 10K Bracelet with Diamonds,**
v. **10K Cuban-Link Necklace with "OMI IN A HELLCAT" on clasp,**
vi. **10K Cuban-Link Necklace with Diamonds,**
vii. **18K 4ct Diamond Earring (single),**

**(b) Property Seized from 120 Fox Chase Court, Swedesboro, NJ**
i. **2 (two) 9 1/2" Tennis Bracelet (cubic zirconia),**
ii. **2 (two) 9" 10K Diamond Bracelet,**
iii. **14K Princess-cut Diamond Earrings (set),**
iv. **Rolex Yacht-Master II 44 Model M116688-0001 / Serial M035154,**
v. **Rolex Day-Date 40 Model M228238-0008 / Serial 31V98328,**
vi. **Rolex GMT-Master II 40 Model M126710BLNR-0002 / Serial 88W50343,**
vii. **10K Eagles Championship Ring,**
viii. **18K Wedding Band with Diamonds,**
ix. **18K Diamond Star Ring,**
x. **18K Diamond Dome Ring,**
xi. **18K Diamond Cluster Ring,**
xii. **Rolex Day-Date 40 Everose Gold Model M228235-0032 / Serial W76162T1,**
xiii. **Rolex Sky-Dweller 42 Model M326934-0005 / Serial 602R6154, with aftermarket Diamonds**
xiv. **Audemars Piguet Chronograph with aftermarket Diamonds (Case Back #K35717),**
xv. **Rolex DateJust 41 Model M126333-0002 / Serial L8988670, with aftermarket Diamonds,**
xvi. **Photo Pendant with Diamond Bezel and Bail,**
xvii. **24" 10K Yellow Gold Link Necklace with Diamonds,**
xviii. **27" 10K Yellow Gold Link Necklace with Diamonds,**
xix. **24" 10K Yellow Gold Link Necklace with Diamonds,**
xx. **24" 10K Two-Tone Gold Link Necklace with Diamonds,**
xxi. **24" 10K Two-Tone Gold Link Necklace with Diamonds,**
xxii. **"QT" 10K Diamond Pendant,**
xxiii. **"OMI IN A HELLCAT" Diamond Pendant,**
xxiv. **"ONC" Diamond Pendant,**
xxv. **"Reloaded" Pendant,**
xxvi. **7" 10K Yellow Gold Link Bracelet with Diamonds,**
xxvii. **24" 10K Wheat Necklace, and**
xxviii. **"Reloaded" Charm.**

and it is further

ORDERED that, the United States is authorized to seize the subject property, if it is not already in the Government's custody and to dispose of the property in accordance with Fed. R. Crim. P. 32.2(b)(3); and it is further

ORDERED that, upon entry of this Order, the Attorney General or a designee, pursuant to Fed. R. Crim. P. 32.2(b)(3) and 21 U.S.C. § 853(m), is authorized to conduct any discovery to identify, locate, and dispose of property subject to this Order and to address any third-party claims, including depositions, interrogatories, requests for production of documents, and subpoenas pursuant to Fed. R. Civ. P. 45; and it is further

ORDERED that, pursuant to Federal Rule of Criminal Procedure 32.2(b)(6) and 21 U.S.C. § 853(n)(1), the government shall, upon entry of this Order, post on an official internet government forfeiture site (www.forfeiture.gov), for a period of at least 30 consecutive days, notice of the government's intent to dispose of the property in such a manner as the Attorney General may direct. This notice shall state that any person, other than the defendant, having or claiming a legal interest in the property subject to this Order must file a petition with the Court no later than thirty days after the last day of publication on the official internet government forfeiture site.

The notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim, and the relief sought; and it is further

ORDERED that, to the extent practicable, the government also shall provide direct written notice to any person known to have alleged an interest in the property that is

subject to this Preliminary Order of Forfeiture for Substitute Assets, or to their attorney, if they are represented, as a substitute for published notice as to those persons so notified. If direct written notice is provided, any person having or claiming a legal interest in any of the property subject to this Preliminary Order of Forfeiture for Substitute Assets must file a petition with the Court within 30 days after the notice is received; and it is further

ORDERED that any person, other than defendant, asserting a legal interest in the subject property may, within the time periods described above for notice by publication and for direct written notice, petition the Court for a hearing, without a jury, to adjudicate the validity of his alleged interest in the subject property, and for an amendment of the Preliminary Order of Forfeiture for Substitute Assets, pursuant to 21 U.S.C. § 853(n)(6).

The petition shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim, and the relief sought; and it is further

ORDERED that, after the disposition of any motion filed under Federal Rule of Criminal Procedure 32.2(c)(1)(A), and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues; and it is further

ORDERED that the government shall have clear title to the subject property following the Court's disposition of all third-party interests; and it is further

ORDERED that the Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e); and it is further

ORDERED that the Judgment and Preliminary Order of Forfeiture entered on March 14, 2019, shall otherwise remain unmodified and in full effect; and it is further

ORDERED that the Clerk of Court shall deliver a certified copy of this Preliminary Order of Forfeiture for Substitute Assets to the Federal Bureau of Investigation, the United States Marshals Service, and counsel for the parties.

Harvey Bartle III

**HONORABLE HARVEY BARTLE III**
***United States District Judge***